GARY M. RESTAINO
United States Attorney
District of Arizona
M. BRIDGET MINDER
Arizona State Bar No. 023356
CHRISTOPHER A. BROWN
Assistant U.S. Attorneys
United States Courthouse
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701
Telephone: 520-620-7300
Email: Bridget.Minder@usdoj.gov
Email: Christopher.Brown7@usdoj.gov

MATTHEW G. OLSEN
Assistant Attorney General
U.S. Department of Justice
National Security Division
JOHN CELLA
Trial Attorney
Counterterrorism Section
950 Pennsylvania Ave, NW
Washington, DC 20530
Telephone: 202-305-1601
Email: John.Cella@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>  Plaintiff,<br><br>vs.<br><br>Ahmed Mahad Mohamed and<br>Abdi Yemani Hussein,<br><br>  Defendants. | CR 19-02162-TUC-JGZ (EJM)<br><br>**GOVERNMENT'S SECOND SUPPLEMENTAL NOTICE OF INTENT TO INTRODUCE EXPERT WITNESS TESTIMONY** |

This notice supplements previous notices regarding possible testimony by an FBI Special Agent/forensic examiner. *See* Docs. 96 and 214. In prior notices, the government previously identified FBI Special Agent Alan Vanderploeg, who is now retired from the FBI, as a possible witness at trial. The government now intends to call current Special Agent J. Patrick Cullen to testify at trial, instead of Special Agent Vanderploeg.

Although Special Agent Cullen's expected testimony, like former Special Agent Vanderploeg's expected testimony (*see* Doc. 214 at 2), may not be "expert" testimony under Rules 702, 703, 704, and 705, the government provides this supplemental notice in an abundance of caution. In addition, the government intends to confer with defense counsel before trial regarding possible stipulations that may limit or eliminate the need for Special Agent Cullen's testimony at trial.

Absent such stipulations, and as set forth below, Special Agent Cullen is expected to testify regarding his examination of, and extraction of data from, defendant Mohamed's cellular telephone (cell phone) on or about July 31, 2019. Reports by Special Agent Cullen, including copies of the extraction report, were previously produced to defense counsel between 2019 and 2021.[1] Special Agent Cullen is also expected to authenticate certain items found on defendant Mohamed's cell phone, which the government may seek to admit as exhibits at trial. A draft list of such items was disclosed to defense counsel on August 11, 2023.[2]

The government provided Special Agent Cullen's *curriculum vitae* (CV) to counsel for defendants via email; Special Agent Cullen's CV includes his qualifications and list of cases in which he has testified during the previous four years. He has not authored any "publications" within the meaning of Rule 16(a)(1)(G)(iii) in the previous 10 years.

**Special Agent Cullen's Expected Testimony**

**and the Bases and Reasons**

Special Agent Cullen will describe his training and experience in conducting forensic examinations on various electronic devices, including cell phones. Agent Cullen has analyzed several hundred electronic devices, including several dozens of cell phones.

---

[1] *See, e.g.*, Disc 000001 (iPhone extraction) (Production 003; December 13, 2019); Serials – Mohamed Evidence-001248-0001 (Production 008; March 20, 2020); Mohamed Serials-002503-0001 (Production 20; April 1, 2021); and Mohamed iPhone Extraction-003012-0001 (Production 23; April 8, 2021).

[2] Items related to defendant's iPhone are listed on the government's August 11, 2023, draft exhibit list as exhibits numbered 400 through 440.

Further, he will describe his familiarity with the forensic software approved by FBI that he uses to conduct investigations, including Cellebrite, which was used in this case. Special Agent Cullen will describe that his training to be a forensic analyst includes being trained in using FBI approved forensic software to analyze electronic devices.

Special Agent Cullen will discuss how he analyzed the physical cell phone in this case that belonged to defendant Mohamed and he will describe the steps he took to protect the integrity of the data he pulled from the cell phone using his approved tools. *See* Serials – Mohamed Evidence-001248-0001 (Ex. 400)**;** Mohamed Serials-002503-0001 (Ex. 401). Special Agent Cullen also will testify regarding the Cellebrite extraction reports that were generated when he extracted data from defendant Mohamed's cell phone. *See* Serials-003122-001 (Ex. 402); *see also Apple_iPhone Xs Max (A1921)_2020-007-23_Report_FINAL.pdf*, pages 1-3, 2209-2218, and 1594-1651 (Exs. 403-405).

Special Agent Cullen will discuss his knowledge regarding the internet, including that it is a worldwide network of connected computers. Special Agent Cullen is familiar with how users access the internet which requires an electronic device capable of connecting to the internet. Both computers and cell phones can have this capability. Special Agent Cullen is familiar that, whether by computer or cell phone, a user will navigate using a browser or application to reach the information the user desires. Special Agent Cullen could see that defendant Mohamed's cell phone had the capability of accessing the internet and did access the internet because the browser on the cell phone had Web Bookmarks and Web History. *See Apple_iPhone Xs Max (A1921)_2020-007-23_Report_FINAL.pdf*, pages 2209-2218 (Ex. 404).

Special Agent Cullen is familiar with various applications people commonly use, including, for example, Telegram, Text Now, Tumblr, WhatsApp, Facebook, and Wickr – all of which were reflected as having been installed on defendant Mohamed's cell phone. *See Apple_iPhone Xs Max (A1921)_2020-007-23_Report_FINAL.pdf*, pages 1594-1651 (Ex. 405).

Special Agent Cullen also will testify that certain images and videos were found on defendant Mohamed's cell phone when he examined it and will testify about the dates and times those images and videos were created (Exs. 406-438.)  In addition, Special Agent Cullen will testify about certain MMS (text) messages found on defendant Mohamed's cell phone. (Exs. 439-440.)

Finally, Special Agent Cullen is familiar with the concept of "UTC" time (Coordinated Universal Time), which is the basis for how time is universally measured. In this case, the timestamp on some of the electronic records is in UTC time, which is seven hours ahead of Arizona's time zone.  For example, if an MMS message shows as being sent at 1:20 a.m. UTC, the actual time of the event in Arizona was 6:20 p.m. the day before.

Special Agent Cullen's testimony will be based on his personal examination of the evidence including defendant Mohamed's cell phone, and his training, education, experience, and expertise as an FBI Special Agent certified digital examiner (as outlined in his CV).

J. Patrick Cullen, Special Agent
Federal Bureau of Investigation

Respectfully submitted this 16th day of February, 2024.

GARY M. RESTAINO
United States Attorney
District of Arizona

s/ M. Bridget Minder

M. BRIDGET MINDER
Assistant U.S. Attorney

Copy of the foregoing served electronically or by other means this 16th day of February, 2024, to:

All ECF recipients