GARY M. RESTAINO
United States Attorney
District of Arizona
M. BRIDGET MINDER
Arizona State Bar No. 023356
CHRISTOPHER A. BROWN
LIZA M. GRANOFF
Assistant U.S. Attorneys
United States Courthouse
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701
Telephone: 520-620-7300
Email: Bridget.Minder@usdoj.gov
Email: Christopher.Brown7@usdoj.gov
Email: Liza.Granoff@usdoj.gov

MATTHEW G. OLSEN
Assistant Attorney General
U.S. Department of Justice
National Security Division
JOHN CELLA
Trial Attorney
Counterterrorism Section
950 Pennsylvania Ave, NW
Washington, DC 20530
Telephone: 202-305-1601
Email: John.Cella@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | CR 19-02162-TUC-JGZ (EJM) |
|---|---|
| Plaintiff, | |
| vs. | **GOVERNMENT'S RESPONSE TO DEFENDANT HUSSEIN'S SUPPLEMENTAL MEMORANDUM REGARDING SEVERANCE (DOC. 385)** |
| Ahmed Mahad Mohamed, and Abdi Yemani Hussein, | |
| Defendants. | |

Defendants Mohamed and Hussein are charged with conspiring and attempting to provide material support and resources to a foreign terrorist organization in connection with their plan to travel to Egypt and fight for ISIS. Hussein filed a motion to sever in December 2022, which Mohamed joined, arguing their trials should be severed because

Mohamed made *inculpatory* statements about him in a post-arrest statement in July 2019. (Docs. 201, 205.[1]) More than 14 months later, and less than two months before trial, Hussein now argues their trials should be severed because Mohamed made *exculpatory* statements about him during a proffer session in May 2020 and he wants to call Mohamed as a witness to elicit those statements. Hussein's supplemental memorandum provides no reason why this additional basis was not included in his original severance motion when the transcript of Mohamed's May 2020 proffer was disclosed to Hussein in October 2022—before Hussein filed his original motion in December 2022.

Hussein still cannot meet the high burden of showing clear, manifest, or undue prejudice would result from a joint trial with Mohamed, even considering the new (and untimely) arguments in his supplemental memorandum. First, Hussein does not clearly avow that he would call Mohamed as a witness at a severed trial and there are good reasons why he would not call Mohamed. Second, Hussein does not sufficiently show—through affidavits, declarations, or otherwise—that Mohamed would, in fact, testify at Hussein's trial. Third, Hussein does not sufficiently show what testimony Mohamed would give if he testified and the statements from Mohamed's proffer that Hussein hopes to elicit at trial are not favorable, much less substantially exculpatory.

The motion to sever should be denied.

## Argument

**I.      Legal Standard**

As discussed in the government's response to Hussein's original motion to sever:

- There is a strong preference in federal courts for joint trials of defendants who are indicted together;

- Joint trials promote efficiency and serve the interests of justice by avoiding the inequity of inconsistent verdicts;

- The general rule is that persons jointly indicted should be jointly tried; and

[1] Mohamed argued that because Hussein planned an antagonistic defense (*i.e.*, he would blame Mohamed) their cases should be severed. (Doc. 205.)

- A joint trial is particularly appropriate when the government charges a conspiracy between two defendants.

(Doc. 219 at 7-9).

Given the strong preference for joint trials, a defendant moving to sever must prove "clear, manifest, or undue prejudice from a joint trial." *United States v. Escalante,* 637 F.2d 1197, 1201 (9th Cir. 1980) (internal quotations and citations omitted.). Part of this burden includes showing that a joint trial would be of such "magnitude that the defendant was denied a fair trial." *Id.*

When a defendant argues a codefendant would provide exculpatory testimony if their trials were severed, as Hussein does now, the moving defendant must show that (1) he would call the codefendant at a severed trial, (2) the codefendant would in fact testify, and (3) the codefendant's testimony would be favorable to him. *See, e.g.*, *United States v. Hernandez*, 952 F.2d 1110, 1115 (9th Cir. 1991) (affirming district court's decision to try codefendants jointly). As to the last point, a court must consider not only whether the testimony helps the proponent of the severance, but also the "*degree* to which the asserted codefendant testimony is exculpatory." *United States v. Mariscal*, 939 F.2d 884, 885-86 (9th Cir. 1991) (collecting cases; affirming district court's decision to try codefendants jointly); *see also Hernandez*, 952 F.2d at 1115 (holding district court must consider the weight and credibility of the proposed testimony and the economy of severance). Only "substantially exculpatory" testimony is sufficient to compel a severance, not merely testimony that contradicts portions of the government's proof." *Mariscal*, 939 F.2d at 886 ("a moving defendant must show more than that the offered testimony would benefit him"); *Hernandez*, 952 F.2d at 1116 (holding even if separate trials would "perhaps reduce[] [defendant's] chance for acquittal," severance is not warranted where the codefendant's testimony is not substantially exculpatory).[2]

---

[2] Hussein suggests the Court should consider only whether Mohamed's testimony would be favorable, citing a Report and Recommendation (R&R) from *United States v. McCord*, No. CR-16-00984-TUC-RM (EJM), 2016 WL 8669900, at *4-6 (Sept. 23, 2016). (*See* Doc. 385 at 6, n.1.) The *McCord* R&R was terminated as moot a few weeks after it was issued when McCord entered a guilty plea, meaning the parties did not file objections to the R&R

## II.    Analysis

Hussein cannot meet the high burden of showing clear, manifest, or undue prejudice would result from a joint trial with Mohamed. This is true whether Mohamed made *inculpatory* statements about Hussein, as Hussein's original motion argued, or allegedly *exculpatory* statements, as Hussein now argues. An analysis of the factors set forth by the Ninth Circuit in *Hernandez* and *Mariscal* confirms the motion to sever should be denied.

### A. Will Hussein call Mohamed to testify? Unclear.

As to the first factor, Hussein's supplemental memorandum does not contain a clear avowal that he would call Mohamed to testify at a severed trial. (*See* Doc. 385 at 6 ("[Mohamed] could, however, testify on behalf of Mr. Hussein if Hussein's trial follows Mohamed's separate trial.").) Indeed, there are valid strategic reasons why Hussein would not want to call Mohamed as a witness. For example, if Mohamed testifies, the government could cross-examine him about inculpatory statements he made about Hussein during his initial post-arrest statement, as well as inculpatory and inconsistent statements he made in his online messages and recorded meetings with the UCE prior to his arrest.

### B. Will Mohamed testify? Unlikely.

As to the second factor, Hussein's supplemental memorandum does not show that Mohamed would, in fact, testify at a severed trial. Hussein's motion states "Mohamed will only be available to testify if the trials are severed …." (Doc. 385 at 6.[3]) Mohamed's purported *availability* to testify is not sufficient to show he *will* testify. To make such a

and the district court never adopted it. *See McCord*, Doc. 88. Other district courts, including in Arizona, that have more fully considered the issue have applied the "substantially exculpatory" standard. *See, e.g.*, *United States v. Brown*, No. CR 03-0421-PHX-SMM, 2004 WL 7334184 (D. Ariz. Dec. 30, 2004); *United States v. Dorsey*, No. CR 14–328–CAS, 2015 WL 847395, at *31 (C.D. Cal. Feb. 23, 2015).

[3] Hussein's supplemental memorandum also says Mohamed would be available to testify if the government grants him immunity. (Doc. 385 at 6.) As stated in the government's response to Hussein's original motion to sever, the government has not, and will not, offer Mohamed immunity to testify against Hussein. (Doc. 219 at 13.)

showing, courts, including this one, have required affidavits or declarations from the codefendant. For example, in *Brown*, this Court held it "cannot possibly evaluate 'the good faith of the intent to have a codefendant testify' or 'the probability that the testimony will materialize'" because it was "without any affidavits or declarations to substantiate [Brown's] contention" "that 'various codefendants would offer exculpatory testimony.'" *Brown*, 2004 WL 7334184, at *4. Similarly, in *Dorsey*, the court held that Dorsey had not sufficiently shown his codefendant, Bailey, would be willing to testify on Dorsey's behalf, even though Bailey had prepared and filed an affidavit saying Dorsey was not involved in the robberies for which they were charged. *Dorsey*, 2015 WL 847395, at *31-32.

The court in *Dorsey* also found significant that Bailey's willingness to testify depended on the order of their trials. *Dorsey* noted there was "widespread judicial disapproval" of offers to testify that are conditioned on a particular defendant's case being tried first and that "Rule 14 is not 'a mechanism for alleged co-conspirators to control the order in which they are tried.'" *Id*. at *31 (citation omitted). Here, as in *Dorsey*, "the fact that [Hussein] is attempting to control the order in which the codefendants are tried counsels caution." *Id*. at *32.[4] Hussein's tepid assertion that Mohamed would be available to testify if his trial followed Mohamed's severed trial (Doc. 385 at 6) does not come close to showing that Mohamed would, in fact, testify and is an improper attempt to control the order in which they are tried.

### C. Will Mohamed's testimony be favorable to Hussein? No.

As to the third factor, Hussein's supplemental memorandum does not show Mohamed's testimony would be favorable, much less "substantially exculpatory." Importantly, Hussein does not establish through affidavits or declarations what Mohamed would say if he testified at trial. Hussein cites to certain quotes from the transcript of

---

[4] In contrast, in *McCord*, counsel for McCord's codefendant confirmed his client would "waive his Fifth Amendment privilege and testify on behalf of McCord at her separate trials *irrespective of the order or sequence of the trials*." *McCord*, No. CR-16-00984-TUC-RM (EJM), Doc. 49 at 9 (motion to sever) (emphasis added). Counsel for McCord's codefendant also provided specific information regarding the substantially exculpatory information to which his client would testify. *Id*. at 9-10.

Mohamed's proffer in 2020. But many of these statements are inconsistent with Mohamed's post-arrest statement and his pre-arrest online messages and in-person meetings with the UCE, which Hussein's initial motion to sever argued would be inculpatory as to him.

Even assuming Mohamed offered testimony at trial consistent with statements he made at his proffer, such testimony would not be favorable to Hussein. Hussein's supplemental memorandum makes clear that he wants Mohamed to testify that (1) the UCE pushed Mohamed to travel and join ISIS, and (2) Mohamed pushed Hussein to travel and join ISIS. (Doc. 385 at 2-5.) Although such testimony might help Mohamed's entrapment defense, Hussein did not notice an entrapment defense and there is no derivative entrapment defense. *See*, *e.g.*, *United States v. Thickstun*, 110 F.3d 1394, 1399 (9th Cir. 1997) (rejecting defendant's argument that she was entrapped by her coconspirator). Instead, such testimony would serve to prove the conspiracy and attempt charges against Hussein by establishing that, even if he was hesitant at first, his coconspirator ultimately convinced him to travel and join ISIS.

Likewise, Mohamed's proffer statements about helping Hussein get his travel document and sell his car in preparation for their trip only confirm that Mohamed and Hussein worked together for their joint trip to Egypt to join ISIS and show they took substantial steps toward doing so—the very essence of the conspiracy and attempt charges against them. Those passages are not favorable, much less substantially exculpatory as to Hussein. Moreover, they are cumulative of other evidence that will be presented at trial, including the online chats between the UCE and Mohamed and between the UCE and Hussein, which show Mohamed helped Hussein apply for his travel document and sell his car. *See*, *e.g.*, *Hernandez*, 952 F.2d at 1115-16 (noting "defendant may have to show that the codefendant's testimony would not be cumulative" and denying motion to sever where codefendant's testimony "would have been at least partly cumulative").

## **<u>Conclusion</u>**

For the reasons above, and the reasons in the government's initial response (Doc. 219), the motion to sever should be denied and defendants should be tried jointly.

Respectfully submitted this 12th day of March 2024.

GARY M. RESTAINO
United States Attorney
District of Arizona

*s/Liza M. Granoff*

LIZA M. GRANOFF
Assistant United States Attorney

Copy of the foregoing served electronically or by
other means this 12th day of March 2024 to:

All ECF recipients

- 7 -